CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 2 3 2008

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

STEVEN AUBREY BURNETTE,
    Petitioner,

Civil Action No. 7:08-cv-00366

MEMORANDUM OPINION

v.

UNITED STATES OF AMERICA,
MICHAEL MUKASEY,
    Respondent.

By: James C. Turk
Senior United States District Judge

Petitioner Steven Aubrey Burnette, a federal inmate proceeding pro se, filed this action as a "Writ of Habeas Corpus" in the United States District Court for the Eastern District of California. Petitioner claims that his confinement pursuant to his federal convictions is unconstitutional because his convictions violated double jeopardy and due process.. The California court filed the case as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Noting that Burnette was convicted in the Roanoke Division of this court and that the witnesses and evidence necessary for resolution of his claims would be more readily available in this court, the California court found that California was not the proper district to address his claims and transferred the case here. Upon review of the petition, the court concludes that petitioner has failed to demonstrate entitlement to relief under § 2241 and will dismiss the petition.

I.

Pursuant to a written plea agreement, Burnette pled guilty in March 2000 to two bank robberies and one firearm offense. The court sentenced him to 57 months imprisonment on each of the robbery counts, to run concurrent to each other, and to a consecutive 84 months imprisonment

1

on the firearm offense, for a total of 141 months. Burnette did not appeal. In January 2001, he filed a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255. See Case No. 7:01CV00046 (W.D. Va. 2001). By opinion and order entered in May 2001, the court dismissed his § 2255 motion, and the United States Court of Appeals for the Fourth Circuit dismissed his appeal. Burnette has also filed other motions seeking relief from his sentences, but these motions were denied. Burnette now seeks to have his sentences vacated under any sort of writ that might apply to his claims,

## II.

A district court may not entertain a § 2241 petition attempting to invalidate a sentence or conviction unless a motion pursuant to 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate" or "ineffective." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). The United States Court of Appeals for the Fourth Circuit has found that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction only when the inmate satisfies a three-part standard by showing that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

2

Case 7:08-cv-00366-JCT-mfu   Document 10   Filed 06/23/08   Page 2 of 4   Pageid#: 51

Burnette has not demonstrated that § 2255 is inadequate or ineffective to test the legality of his claims so as to allow him to pursue his claims under § 2241 instead. The claims he raises could have been addressed in a timely filed, initial § 2255 motion to test the legality of his confinement. Moreover, the petition does not indicate any respect in which his case meets the standard under Jones so as to qualify for consideration under § 2241. Specifically, Burnette does not point to any recent change of substantive law making it legal to rob banks or use firearms to commit crimes of violence. Accordingly, Burnette fails to meet the second prong of the Jones standard. As such, he cannot show that § 2255 is inadequate or ineffective to test the legality of his conviction, and his claims cannot be addressed under § 2241, and this petition must be dismissed.

Ordinarily, a petition under § 2241 challenging the validity of an inmate's physical confinement must be raised in the district where the petitioner is confined. See Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). Burnette is housed at present in a federal prison in California. Because the inmate clearly fails to present any ground on his conviction could be invalidated under § 2241, however, the court does not find that the interests of justice require transfer of the § 2241 case back to the California court. Moreover, this court sentenced Burnette and could rightfully construe his current claims as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, challenging the validity of his confinement. Such an action is properly filed in the sentencing court. Once construed as a § 2255 motion, however, this court would be required to dismiss the action immediately as successive, pursuant to § 2255(h), given the fact that Burnette already pursued a § 2255 motion concerning the same convictions. See Case No. 7:01CV00046. He does not present certification from the United States Court of Appeals for the Fourth Circuit authorizing him to

3

Case 7:08-cv-00366-JCT-mfu  Document 10  Filed 06/23/08  Page 3 of 4  Pageid#: 52

pursue a second or successive § 2255 motion. Therefore, the action could not go forward in this court as a § 2255 motion, and the court will not construe it as such.

### III.

In conclusion, the court will dismiss this § 2241 petition as Burnette fails to demonstrate that he is entitled to relief. An appropriate order shall be issued this day. The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send copies of this opinion and the accompanying order to petitioner.

ENTER: This 23rd day of June, 2008.

/s/ James C. Turk
Senior United States District Judge

4